# JEROME STILL v. CLARK SNOW.

## · January Term, 1894.

*Failure of consideration. Fraudulent misrepresentation.*

Defendant was induced to take a conveyance of certain land by the false representations of the owner that the lots, which the deed conveyed, embraced much more than they really did. · He paid for the same a cow, which was worth more than the land he got, and gave the notes in suit for the balance, which were subject to all equities in the hands of the plaintiff. *Held*, error to direct a verdict for the plaintiff, since the evidence tended to show a total failure of consideration. ·

(*a.*)   Having paid the cow, which was worth more than the land he received, the defendant owed nothing at all when he gave the notes.

(*b.*)   The covenants of warranty in the deed could not afford a consideration, for they did not embrace the land about which the misrepresentation was made. ·

Assumpsit upon three promissory notes.   Plea, the general issue, with notice of special matter.   Trial by jury at the June term, 1892, Bennington county, MUNSON, J., presiding.   The court directed a verdict for the plaintiff.   The defendant excepts.

*Waterman, Martin & Hitt*, and *H. K. Fowler* for the defendant.

.   There was a total failure of consideration.   *Kelly* v. *Pember*, 35 Vt. 183 ; *Cragin et al.* v. *Fowler et al.*, 34 Vt. 326 ; *Clough* v. *Patrick*, 37 Vt. 421 ; *Twitchell* v. *Bridge*, 42 Vt. 68 ; *Hawley* v. *Beeman*, 2 Tyler 238.

The cow paid for the land, and the notes were for nothing.  *Earl* v. *Page*, 6 N. H., 477 ; *Swain* v. *Saltmash*, 54 N. H. 9 ; *Kelly* v. *Pember*, 35 Vt. 183 ; *Durant* v. *Tuttle*, (Minn.) 52 N. W. 909.

*O. M. Barber* and *J. K. Batchelder* for the plaintiff.

ROWELL, J.   By representations that the whole of certain land was a part of the " Nelson lot," whereas only a small piece of it was, the defendant was induced to buy and take a deed of an undivided half of that lot and the whole of another lot.   He paid a cow towards the purchase price, which was worth more than all the land he got, and gave the notes in suit for the balance, which the plaintiff holds subject to all the equities that existed in respect of them between the original parties thereto, and the amount of which is much less than the value of an undivided half of the land concerning which the false representations were made.

The defendant claims a total want of consideration for the notes, while the plaintiff admits only a partial want at most, for that the contract was entire, and the cow and the notes given, not for either lot alone, but for both together, and for that the conveyance of title and the covenant of warranty afford a consideration.

But that the contract was entire makes no difference. Had the notes been given for the full purchase price there would have been only a partial failure of consideration, for the land that defendant got was worth something, though much less than the amount of the notes would have been. But what land he got was more than paid for by the cow when the notes were given, and so there was nothing left to constitute a consideration for them, because by reason of the fraud, he had not got what he bargained for.   It is not a case, therefore, of failure of consideration at all, but of an entire want of consideration at the inception, and hence does

not come within the rule that a partial failure of considera-
tion cannot be availed of except between the original parties
to the instrument.

Neither did the conveyance of title to what the deed cov-
ered afford a consideration, for that land was more than paid
for when the notes were given.    Nor does the covenant of
warranty constitute a consideration, for that covenant does
not embrace the matter complained of, and cannot afford a
remedy concerning it.

Inasmuch, therefore, as the testimony tended to show an
entire want of consideration, it was error to direct a verdict
for the plaintiff.

*Reversed and remanded.*